**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  00-20230

JOHN C. WELD, JR., On Behalf of Himself and all
others Similarly Situated,

Plaintiff-Appellant,

VERSUS

STAGE STORES INC.*, CARL TOOKER, TYLER INTERNATIONAL, TYLER
MASSACHUSETTS L P; TYLER CAPITAL FUND L P, BCIP ASSOCIATES,
BAIN CAPITAL INC., BAIN VENTURE CAPITAL, ACADIA PARTNERS L P,
ACADIA FW PARTNERS L P, ACADIA MGP INC., OAK HILL PARTNERS INC.,
SANDRA BORNSTEIN, ERNEST R. CRUSE, RIGO HERNANDEZ, JERRY C. IVIE,
JOANNE SWARTZ, MARK SHULMAN, MEL WARD, DONALD R. WESTBROOK, JAMES
MARCUM, STEPHEN LOVELL, CHARLES SLEDGE, ADAM KIRSCH, JOSHUA
BEKENSTEIN, PETER G. MULVIHILL, CREDIT SUISSE FIRST BOSTON, BEAR
STEARNS & CO., INC., BCIP TRUST ASSOCIATES L P,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
H-99-CV-957

May 16, 2001

Before DAVIS, WIENER and STEWART, Circuit Judges

PER CURIAM:**

---

*The appeal is stayed as to Stage Stores pending bankruptcy
proceedings.

**Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under

The only significant issues presented in this appeal are: (1) whether the district court erred in dismissing the appellants' petition because it failed to comply with Rule 9(b) F.R.C.P. and allege with sufficient particularity facts which would support an inference of fraud; and (2) whether the district court abused its discretion in refusing to permit appellant to file an amended complaint.

As to issue 1, our review of the record persuades us that the plaintiffs' conclusory allegations are insufficient to give rise to a "strong inference" that each defendant acted with the requisite fraudulent intent. See 15 U.S.C. § 78u-4(b)(2). We need not reach the issue of whether allegations of motive and opportunity are sufficient to establish scienter under the Reform Act because even under this standard the plaintiff's allegations are insufficient to raise a strong inference of fraud.

As to issue 2, we agree with the appellants that Rule 15(a) gave them the absolute right to file an amended petition in this case at any time before judgment was entered. Although more than five months elapsed between the time the defendants moved to dismiss the petition and the court's ruling on that motion, plaintiff did not file an amended petition. After the district court granted defendants' motion to dismiss, the plaintiff did seek permission to amend which the court denied. In denying that

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

motion, the court explained that plaintiff had failed to provide it with a proposed amending complaint or provide, in some other form, an explanation of how it proposed to improve its earlier allegations. Although there is certainly no universal requirement that a party seeking to amend provide a copy of a proposed amendment, we conclude that under the facts and circumstances of this case, the district court did not abuse its discretion in refusing to allow the amendment without some explanation of how the plaintiff proposed to improve his complaint so as to avoid dismissal under Rule 12(b)(6). Plaintiff, with full knowledge of the defendant's arguments as to the defects in the original petition, allowed over five months to elapse without amending his petition to correct these deficiencies. The plaintiff made a strategic decision to stand on his complaint as filed, which required the district court to analyze the defendant's motion in light of the existing complaint. Under these circumstances, the district court did not abuse its discretion in declining to allow an amendment to that petition after it entered judgment, particularly where the plaintiff declined to provide a proposed amended complaint or give the court any information about how it proposed to improve his original complaint so as to avoid a 12(b)(6) motion.

AFFIRMED.